866UBHIP

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/26/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

           v.                           07 CR 711(LAP)

NAVEED ALI BHINDAR,

              Defendant.

------------------------------x

                                        New York, N.Y.
                                        June 6, 2008
                                        10:40 a.m.

Before:

                    HON. HENRY B. PITMAN

                                        Magistrate Judge

                         APPEARANCES

MICHAEL J. GARCIA
     United States Attorney for the
     Southern District of New York
BY:  LISA ZORNBERG
     Assistant United States Attorney

SANDBACK, BIRNBAUM & MICHELEN
     Attorneys for Defendant
BY:  WILLIAM A. SANDBACK

866UBHIP

1           (Case called)
2           THE COURT:  I understand there has been an application
3   on behalf of Mr. Bhindar?
4           MR. SANDBACK:  There is, your Honor.
5           THE COURT:  And the application is?
6           MR. SANDBACK:  At this time he wishes to withdraw his
7   plea of not guilty to the current indictment before this Court
8   and enter a plea of guilty under Count 12 of the indictment
9   pursuant to a plea agreement.
10          THE COURT:  Let me ask Mr. Ortiz to please place the
11  consent to proceed before a magistrate judge before Mr. Bhindar
12  and a document in the form of a letter dated May 13, 2008 which
13  has been marked as Court Exhibit 1.
14          Mr. Bhindar, two documents have been placed before
15  you.  First, there is a one-page document entitled "Consent to
16  Proceed Before a Magistrate Judge."  Do you see the one-page
17  document?
18          THE DEFENDANT:  Yes, sir.
19          THE COURT:  Does your signature appear on the bottom
20  of it?
21          THE DEFENDANT:  Yes, sir.
22          THE COURT:  Did you read it before you signed it?
23          THE DEFENDANT:  Yes, your Honor.
24          THE COURT:  Did you discuss it with your attorney
25  before you signed it?

866UBHIP

1           THE DEFENDANT:  Yes, your Honor.
2           THE COURT:  Do you realize that you have the right to
3   have these proceedings before a district court judge as well as
4   a magistrate judge?  Do you understand that you have that
5   right?
6           THE DEFENDANT:  Yes, your Honor.
7           THE COURT:  Do you understand that by signing that
8   piece of paper, you are giving up your right to have these
9   proceedings before a district court judge and consenting to
10  have them before a magistrate judge?  Do you understand that is
11  the effect of your signature on that piece of paper?
12          THE DEFENDANT:  Yes, your Honor.
13          THE COURT:  Has anyone made any promises or threats to
14  you or has anyone used any force against you to induce you to
15  proceed before a magistrate judge?
16          THE DEFENDANT:  No, your Honor.
17          THE COURT:  There is a second document before you in
18  the form of a letter marked Court Exhibit 1.  Do you see Court
19  Exhibit 1?  Do you see it?
20          THE DEFENDANT:  Yes, sir.
21          THE COURT:  Does your signature appear on the last
22  page of Court Exhibit 1?
23          THE DEFENDANT:  Yes, your Honor.
24          THE COURT:  Did you read Court Exhibit 1 before you
25  signed it?

866UBHIP

1           THE DEFENDANT:  Yes.
2           THE COURT:  Did you discuss it with your attorney
3    before you signed it?
4           THE DEFENDANT:  Yes, your Honor.
5           THE COURT:  Is Court Exhibit 1 an agreement with the
6    government concerning your guilty plea today?
7           THE DEFENDANT:  Yes.
8           THE COURT:  Thank you.
9           Let me ask Mr. Ortiz to please place Mr. Bhindar under
10   oath.
11          (Defendant Naveed Ali Bhindar sworn)
12          THE COURT:  Mr. Bhindar, you have now been placed
13   under oath.  If you make a false statement during these
14   proceedings, you can be prosecuted for perjury.  Do you
15   understand that?
16          THE DEFENDANT:  Yes, your Honor.
17          THE COURT:  Mr. Bhindar, the law requires that I ask
18   you a number of questions to be sure that your plea is knowing
19   and voluntary in all respects and to be sure that you
20   understand what you are doing here this morning and the
21   consequences of what you are doing.  If you don't understand
22   any question that I ask you, tell me that you don't understand
23   the question and I will either try to clarify the question or
24   give you a chance to speak privately with your attorney so that
25   you understand exactly what is being asked of you.

866UBHIP

1          In addition, if at any time during these proceedings
2   you want to speak privately with your attorney for any reason
3   whatsoever, just tell me that you want to speak with your
4   attorney and I will give you a chance to confer with him
5   privately, do you understand that?
6          THE DEFENDANT:  Yes, sir.
7          THE COURT:  Mr. Bhindar, will you please state your
8   full name.
9          THE DEFENDANT:  Excuse me?
10         THE COURT:  Please state your full name.
11         THE DEFENDANT:  Naveed Ali Bhindar.
12         THE COURT:  How old are you, sir?
13         THE DEFENDANT:  42.
14         THE COURT:  42?
15         THE DEFENDANT:  43, I think.
16         THE COURT:  How far did you get in school?
17         THE DEFENDANT:  Graduation, high school -- college.
18         THE COURT:  Graduated college?
19         THE DEFENDANT:  Yes.
20         THE COURT:  Have you recently been treated for any
21  type of mental illness?
22         (Discussion off the record between defendant and
23  counsel)
24         THE DEFENDANT:  No.
25         THE COURT:  Again, as I indicated before, Mr. Bhindar

866UBHIP

1  part of what I need to do is ask a number of questions to make
2  sure that you understand what you are doing here today and make
3  sure that you are competent to proceed with the plea. That's
4  why we ask these questions.
5         Have you recently been treated for drug addiction of
6  any kind?
7         THE DEFENDANT:  No, sir.
8         THE COURT:  Have you recently been treated for
9  alcoholism?
10        THE DEFENDANT:  No.
11        THE COURT:  Have you had any beer, wine or liquor
12 within the last 24 hours?
13        THE DEFENDANT:  Never.
14        THE COURT:  Have you taken any kind of drugs or
15 medication, legal or illegal, within the last two days?
16        THE DEFENDANT:  No, sir.
17        THE COURT:  Are you currently under the care of any
18 kind of doctor or other health care provider for any kind of
19 medical condition?
20        THE DEFENDANT:  No.
21        THE COURT:  In general, do you feel clear-headed today
22 and able to understand what is going on around you?
23        THE DEFENDANT:  Yes, sir.
24        THE COURT:  Is either the government or defense
25 counsel aware of any physical, psychological or emotional

866UBHIP

1   condition that might prevent Mr. Bhindar from entering a guilty
2   plea today?
3             MS. ZORNBERG:  No, your Honor.
4             MR. SANDBACK:  No, your Honor.
5             THE COURT:  Mr. Bhindar, I want to discuss with you
6   briefly the nature of the charge against you in Count 12, the
7   elements the government would have to prove beyond a reasonable
8   doubt in order to establish your guilt and the penalties you
9   face if your plea is accepted.
10            Do you understand that Count 12 of the indictment
11  charges you -- let me back up a second.  There are some
12  preliminary questions I need to ask first.
13            Have you received a copy of indictment S1 07 CR 711?
14            THE DEFENDANT:  Yes, sir.
15            THE COURT:  Have you had a chance to read the
16  indictment and to discuss it with your attorney, Mr. Sandback?
17            THE DEFENDANT:  Yes, sir.
18            THE COURT:  Are you generally satisfied with Mr.
19  Sandback's representation of you in this case and the advice
20  that he has given to you?
21            THE DEFENDANT:  Yes, your Honor.
22            THE COURT:  Is it your desire here today to plead
23  guilty to Count 12 of the indictment?
24            THE DEFENDANT:  Yes.
25            THE COURT:  Do you understand that Count 12 of the

866UBHIP

1  indictment charges you with violating Title 18, United States
2  Code, Section 1956(a) which, among other things, prohibits
3  money laundering, that is, it prohibits conducting transactions
4  utilizing the proceeds of illegal activities designed to
5  conceal or disguise the nature, location, source, ownership or
6  source of the proceeds?  Do you understand that is the general
7  nature of the offense against you in Count 12?
8             MR. SANDBACK:  May I have a moment, your Honor?
9             THE COURT:  Sure.
10            (Discussion off the record between defendant and
11  counsel)
12            THE DEFENDANT:  Yes, sir.
13            THE COURT:  Do you understand that in order to
14  establish your guilt at trial, the government would have to
15  prove three elements beyond a reasonable doubt:
16            First, the government would have to prove that you
17  conducted or attempted to conduct a financial transaction
18  involving property that was the proceeds of specified unlawful
19  activity, namely, the proceeds of credit card fraud and bank
20  fraud;
21            Second, the government would have to prove that you
22  knew the property involved in the financial transactions
23  constituted the proceeds of some form of illegal activity; and
24            Third, that you acted with the intent to promote the
25  carrying on of specified illegal activity.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1   Do you understand that those are the elements that the
2   government would have to prove beyond a reasonable doubt to
3   establish your guilt on Count 12?

4   THE DEFENDANT:  Yes, your Honor.

5   THE COURT:  Do you understand that if your plea to
6   Count 12 is accepted, you face a maximum sentence of 20 years'
7   imprisonment, a maximum term of supervised release of three
8   years, a maximum fine of $500,000 or twice the value of the
9   property involved in the transaction, whichever is greater, a
10  mandatory special assessment of $100 and that, in addition, the
11  Court must enter an order of restitution, that is, that you pay
12  back to any individual financial victim any ill-gotten gains?
13  Do you understand those are the penalties you face if your plea
14  is accepted?

15  THE DEFENDANT:  Yes, your Honor.

16  THE COURT:  Do you understand that under the
17  Sentencing Reform Act of 1984, the United States Sentencing
18  Commission has issued advisory guidelines for judges to consult
19  in imposing sentences in criminal cases?  Do you understand
20  that?

21  THE DEFENDANT:  Yes, your Honor.

22  THE COURT:  Have you and your attorney discussed how
23  the guidelines might apply in your case?

24  THE DEFENDANT:  Yes, your Honor.

25  THE COURT:  And do you understand that the Court will

866UBHIP

1   not be able to determine the appropriate guideline sentence for
2   your case until a document called a presentence report has been
3   prepared and until both you and the government have the
4   opportunity to review the report and make any challenges you
5   have to the facts in the report and to the guideline range
6   recommended by the probation department? Do you understand
7   that?
8       THE DEFENDANT: Yes, your Honor.
9       THE COURT: And do you understand that the guideline
10  range found to apply in your case may turn out to be different
11  from any range you have discussed with your attorney or any
12  range that you have agreed to with the government? Do you
13  understand that?
14      THE DEFENDANT: Yes, your Honor.
15      THE COURT: And do you understand that after your
16  guideline range has been determined, the Court has the
17  authority to depart from the guidelines and to impose a
18  sentence that is either more severe or less severe than the
19  sentence called for by the guidelines? Do you understand that
20      THE DEFENDANT: Yes, your Honor.
21      THE COURT: Do you understand that parole has been
22  abolished and that if you are sentenced to a term of
23  imprisonment, you will not be released on parole? Do you
24  understand that?
25      THE DEFENDANT: Yes, your Honor.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

866UBHIP

1    THE COURT:  Do you understand that if supervised
2 release is imposed as part of your sentence, if you violate any
3 term of supervised release, you could be returned to jail for
4 the full term of the supervised release with no credit being
5 given for the time spent on release up to the date of the
6 violation?  Do you understand that?
7    THE DEFENDANT:  Yes, your Honor.
8    THE COURT:  Do you understand that as part of your
9 agreement with the government, you are agreeing that the
10 appropriate sentencing range is 70 to 87 months of
11 imprisonment, and as part of your agreement you are giving up
12 any right you might otherwise have to challenge your sentence
13 so long as the sentence is not greater than 87 months?  Do you
14 understand that?
15    THE DEFENDANT:  Yes, your Honor.
16    THE COURT:  Do you understand that Judge Preska, the
17 judge who is going to sentence you in this case, if Judge
18 Preska were to impose a sentence of less than 70 months, the
19 government could appeal from that sentence and seek the
20 imposition of a sentence within the range of 70 to 87 months?
21 Do you understand that?
22    THE DEFENDANT:  Yes, sir.
23    THE COURT:  Do you understand that your agreement with
24 the government concerning sentencing is not binding on Judge
25 Preska and that Judge Preska retains the right to impose any

866UBHIP

1 legal sentence, including a sentence of up to 20 years'
2 imprisonment? Do you understand that?
3     THE DEFENDANT: Yes, your Honor.
4     THE COURT: Do you understand that if Judge Preska
5 were to impose a sentence greater than the stipulated
6 sentencing range, that is, if she were to impose a sentence
7 greater than 87 months, in that circumstance, you would have
8 the right to challenge the sentence but you would not be
9 permitted to withdraw your guilty plea simply because the
10 sentence was greater than you expected? Do you understand
11 that?
12     THE DEFENDANT: Yes, your Honor.
13     THE COURT: Mr. Bhindar, do you understand that one of
14 the consequences of your plea, if you are not a citizen of the
15 United States is that at the conclusion of your sentence you
16 will be removed from the United States and prohibited from ever
17 re-entering the United States? That is a consequence if you
18 are not a citizen, do you understand that?
19     THE DEFENDANT: Yes, your Honor.
20     THE COURT: I want to discuss with you the nature of
21 some of the rights that you are giving up by pleading guilty.
22 Do you understand that you have the right to plead not guilty
23 to the charges against and you have the right to persist in
24 that plea at all stages of the proceedings against you? Do you
25 understand that you have those rights?

866UBHIP

1        MR. SANDBACK:  Just a moment, Judge.
2        THE COURT:  Yes.
3        (Discussion off the record between defendant and
4    counsel)
5        THE DEFENDANT:  Yes, your Honor.
6        THE COURT:  Do you understand that you have the right
7    to plead not guilty and the right to persist in that plea at
8    all stages?
9        THE DEFENDANT:  Yes, your Honor.
10       THE COURT:  Do you understand that if you chose to
11   plead not guilty, you would have the right to the assistance of
12   counsel at all stages of the proceedings against you, and you
13   would have the right to have counsel appointed if you could not
14   afford counsel?  Do you understand that you have those rights?
15       THE DEFENDANT:  Yes, your Honor.
16       THE COURT:  Do you understand that if you chose to
17   plead not guilty, you would have the right to a trial by jury?
18   At that trial you would be presumed innocent and the government
19   would have to prove your guilt beyond a reasonable doubt.
20       At a trial you would have the right to the assistance
21   of counsel.  You would have the right to have counsel appointed
22   if you could not afford counsel.
23       You would have the right to see and hear all of the
24   witnesses against you and you would have the right to have
25   those witnesses cross-examined or questioned in your own

866UBHIP

1  defense.
2      At a trial you would have the right to decline to
3  testify or to decline to offer evidence, and if you chose not
4  to testify or chose not to offer evidence, those facts could
5  not be used against you. Conversely, at a trial you would also
6  have the right to testify and the right to offer evidence in
7  your defense if that's what you chose to do.
8      Finally, at a trial you would also have a right to the
9  issuance of court orders to have witnesses come to court and
10 testify in your behalf.
11     Do you understand that you have all of those rights if
12 you chose to plead not guilty and go to trial? Do you
13 understand that?
14     THE DEFENDANT: Yes, your Honor.
15     THE COURT: And do you understand that by entering a
16 plea of guilty, if the plea is accepted, there will be no trial
17 and you will be giving up your right to a trial as well as all
18 of the other rights that I have described to you? Do you
19 understand that you are giving up all of those rights?
20     THE DEFENDANT: Yes, your Honor.
21     THE COURT: Apart from the agreements set forth in
22 Court Exhibit 1, the letter that you identified at the outset
23 of these proceedings, has anyone made any other promises or has
24 anyone used any force against you or has anyone made any
25 threats to you to induce you to plead guilty?

```
         866UBHIP                                                   15

1                THE DEFENDANT:  No.
2                THE COURT:  Are you pleading guilty because you are
3     guilty?
4                THE DEFENDANT:  Yes, your Honor.
5                THE COURT:  Can you tell us, please, what it is that
6     you did that makes you guilty of the offense charged in Count
7     12, money laundering?
8                THE DEFENDANT:  Your Honor, I have a store in Brooklyn
9     and I have business.
10               THE COURT:  You have a store in Brooklyn, did you say?
11               THE DEFENDANT:  Yes, sir.
12               THE DEFENDANT:  And the guy who brings the checks, he
13    was my customer.  He started by giving me checks to buy stuff.
14    And then gradually he come close to me and he offer, like I
15    give you something and cash my check, so I did for him.
16               THE COURT:  So what?
17               THE DEFENDANT:  I did for him.
18               THE COURT:  He brought you checks?
19               THE DEFENDANT:  He bring the checks.
20               THE COURT:  And who were the checks payable to?
21               THE DEFENDANT:  Payable to my store name.
22               THE COURT:  You took the checks and put them in your
23    store's account?
24               THE DEFENDANT:  Yes, sir.
25               THE COURT:  And what did you do with the money from
```

866UBHIP

1   the checks?
2       THE DEFENDANT:  I give them back the cash and they
3   give me some of the cash.
4       THE COURT:  So the checks were not payment to you for
5   anything your store had done or any services, is that correct?
6       THE DEFENDANT:  Yeah.  He started by giving to buy the
7   stuff and gradually they started giving me checks for the cash.
8       THE COURT:  What kind of store did you have?
9       THE DEFENDANT:  A convenience store, grocery store.
10      THE COURT:  So the checks were not to pay for
11  groceries?
12      THE DEFENDANT:  Like I said, started giving me for
13  groceries and after that they make me like, you can say.
14      THE COURT:  So he would give you checks.  You would
15  deposit them.  You would give the cash back to these other
16  individuals.  He would pay you something as a tip for what you
17  did for him, is that what happened?
18      THE DEFENDANT:  Yes, sir.
19      THE COURT:  And during what period of time did you
20  engage in this conduct?
21          I am not finished yet, Ms. Zornberg.
22      THE DEFENDANT:  Date?
23      THE COURT:  During what period of time?
24      THE DEFENDANT:  It is approximately six, seven months.
25      THE COURT:  From when to when?

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

866UBHIP

1       THE DEFENDANT:  I think it was the end in 2006 and
2  middle of 2007.
3       THE COURT:  What was the amount of the checks he was
4  giving to you?
5       THE DEFENDANT:  Altogether?
6       THE COURT:  Towards the end.
7       THE DEFENDANT:  It was 40, 50,000.
8       THE COURT:  40, 50,000?
9       THE DEFENDANT:  Yes.
10      THE COURT:  Did you believe that the checks
11  represented money derived from illegal activity?
12      THE DEFENDANT:  Yes, sir.
13      THE COURT:  Were you doing this to try to disguise or
14  help this other individual disguise the illegal activity or
15  hide the illegal activity?
16      THE DEFENDANT:  Yes.
17      THE COURT:  Did you know that what you were doing was
18  wrong at the time you did it?
19      THE DEFENDANT:  Yes.
20      MR. SANDBACK:  Could I have a moment, Judge?
21      THE COURT:  Sure.
22      (Discussion off the record between defendant and
23  counsel)
24      THE DEFENDANT:  Yes, your Honor.
25      The checks they were not under his name, so a lot of

866UBHIP

1  different checks and sometimes he bring credit cards also under
2  different names.
3        THE COURT:  And your store was in Brooklyn?
4        THE DEFENDANT:  Yes, sir.
5        THE COURT:  Am I correct that you are giving up any
6  right you might otherwise have to have this matter prosecuted
7  in federal court in Brooklyn and consenting to it being
8  prosecuted here?
9        THE DEFENDANT:  Yes.
10       MS. ZORNBERG:  Your Honor, on the issue of venue, the
11  government can represent that venue would be established in a
12  trial against this defendant by showing that some of the victim
13  banks and that the banks on which checks were drawn in the
14  names of fictitious individuals were located in Manhattan and
15  that the defendant, the co-conspirators of this defendant
16  engaged in activities in furtherance of the conspiracy also in
17  the Southern District of New York.
18       THE COURT:  Are there any other questions that should
19  be asked concerning the facts of the offense, Ms. Zornberg?
20       MS. ZORNBERG:  No.  We think the questions have been
21  sufficient.
22       THE COURT:  I'm sorry?
23       MS. ZORNBERG:  No, your Honor.  We think the questions
24  have been sufficient.
25       THE COURT:  Does the government represent that it has

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

866UBHIP

1    facts in its possession to prove Mr. Bhindar's guilt at trial
2    beyond a reasonable doubt?
3            MS. ZORNBERG:  Yes.  Were the case to proceed to
4    trial, the government would show that this defendant was
5    engaged in the laundering of funds for a criminal fraud ranging
6    from bank fraud, wire fraud, credit card fraud and would prove
7    the case against this defendant through wiretap evidence, bank
8    records and witness testimony.
9            THE COURT:  I didn't ask him about total amounts.  Do
10   you need an allocution on that?
11           MS. ZORNBERG:  I don't think so, your Honor.
12           THE COURT:  Mr. Bhindar, how do you plead to Count 12
13   of the indictment, guilty or not guilty?
14           THE DEFENDANT:  Guilty.
15           THE COURT:  Does the government believe that any
16   further injury should be made concerning any subject?
17           MS. ZORNBERG:  No, your Honor.
18           THE COURT:  Does defense counsel believe any further
19   inquiry should be made concerning any subject?
20           MR. SANDBACK:  No, your Honor.
21           THE COURT:  Based upon Mr. Bhindar's physical
22   appearance, his demeanor and his answers to all the foregoing
23   questions, I find that he is fully competent and capable of
24   entering an informed and voluntary plea, that he is aware of
25   the nature of the charge and the consequences of the plea and

866UBHIP

1    that the plea is knowing and voluntary and supported by an
2    independent basis in fact as to each of the essential elements
3    of the offense.  I therefore accept the plea and recommend that
4    Judge Preska accept the plea.
5             Has Judge Preska set a date and time for sentencing?
6             MS. ZORNBERG:  No, she has not.  I actually realized
7    that I am remiss and that I should have called chambers and
8    requested one before today.
9             THE COURT:  Counsel should contact Judge Preska's
10   chambers and find out when she wants to proceed with
11   sentencing.
12            A presentence report will be ordered and we will
13   indicate that defense counsel should be present for the
14   interview.
15            Is there anything else that the government thinks that
16   we should consider?
17            MS. ZORNBERG:  No, your Honor.
18            THE COURT:  Anything from the defense, Mr. Sandback?
19            MR. SANDBACK:  No.  Thank you very much.
20            THE COURT:  Thank you, all.
21
22   *The plea is accepted.*
23
24   SO ORDERED
25   */s/ Loretta A. Preska*
     LORETTA A. PRESKA
     UNITED STATES DISTRICT JUDGE

August 25, 2008

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300